State vs. Asberry.

## No. 9300.

### THE STATE OF LOUISIANA VS. GEORGE ASBERRY.

An information charging a threat to burn an entire town, with a malicious intent to destroy the dwelling-houses, stores, etc., of all the property holders of said town, is not defective under Act 64 of 1884, on the grounds that it does not name any person against whose property the threat was made or against whom the malice existed. The information conformed to the facts charged. The malice and threat were not directed against any par ticular individual, but, against an entire community. It would be useless and unreason able to require the setting forth of the names of all the property owners. The crime con sisted in the threat to burn the buildings, etc., of another or of others, with the malicious intent to destroy their property.

The charge of the judge that "the evidence is short, clear and to the point and leaves not much room for doubt," is a clear violation of the letter and spirit of Section 991 of the Revised Statutes, and necessitates the remanding of the case.

APPEAL from the Twenty-first District Court for the Parish of Iberia. *Gates, J.*

C. H. Mouton, District Attorney, for the State, Appellee.

R. S. Perry and L. O. Hacker for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J. Two points are presented for review:

1. *The overruling of a motion to quash the information.*

Defendant was prosecuted under Act No. 64 of 1884, which provided that, "if any person shall, in any manner or by any means, maliciously threaten to wound, maim, kill, murder or inflict any bodily harm on another or shall threaten maliciously to burn, or destroy or damage *his* or *her* building or other property with malicious intent, etc."

The information charged that the defendant "did unlawfully, feloniously and maliciously threaten to burn the dwelling-houses, stores and other buildings situated within the limits of the town of Iberia, etc., said dwelling-houses, stores and other buildings belonging to and being' then and there occupied by citizens and other persons residing within the limits of said town, with the malicious intent then and there to destroy said dwelling-houses, etc., belonging to said citizens and other persons residing in and using said buildings, etc."

The defect urged is that the information does not name any person against whose property the threat was made, nor allege malice or malicious intent against any particular individual named.

We find no merit in the motion. The words "*his* or *her*" used in the statute, taken in connection with the preceding phrase, are merely substitutes for the words "of another" and the offense denounced is the threatening to "maliciously to burn, destroy or damage the building or other property *of another*, with malicious intent, etc."

State vs. Asberry.

· We consider the terms of the statute broad enough to cover a threat to burn up an entire town; that malice against all the inhabitants or property owners is sufficient; and, that the *descriptio personarum*, whose property was threatened and against whom the malice was charged, is all that the law requires. It would not have been sufficient or proper to have named particular individuals, because the malice and threat were not so directed, but were general against all the property owners without distinction; and, it would have been useless and unreasonable to attempt an enumeration of all the property owners of the town.

The judge did not err in overruling the motion to quash.

2. The other exception is leveled against the charge of the judge wherein he said to the jury: " The evidence in this case is short, clear and to the point and does not leave much room for doubt."

In the case of the State vs. Roger, 7 Ann., 382, decided in 1852, this Court held that, in charging the jury, the judge had the right to comment on the facts and to express to them his own opinion touching the truth or weight of the evidence. This decision was promptly followed by the act of 1853, entitled, " an act to restrict the charge of the judge in every criminal case, to an opinion on the) law," the substance of which act is continued and embodied in Sec. 991 of the Revised Statutes, providing that: " In charging the jury in criminal cases, the judge *must limit himself to giving them a knowledge of the law applicable to the case.* In doing so, he shall abstain from stating or recapitulating the evidence so as to influence their decision on the facts. He shall not state or repeat to the jury the testimony of any witness; nor shall he give any opinion as to what facts have been proved or disproved."

The charge of the judge objected to here directly violates the first clause of the above section, because it entirely passes the limit prescribed. This might be sufficient; but, we are equally clear that it violates the spirit and intention of the whole law. It is vain to say that the judge did not expressly say *on which side* the evidence was clear and such as to leave little room for doubt. It would not be difficult for the jury to determine in favor of which side the judge's opinion was intended to operate. Moreover, to say that the evidence' is " clear and leaves not much room for doubt," attacks directly the defendant's privilege of having the benefit of reasonable doubts. ·

The charge is indefensible and necessitates a remanding of the case.

It is, therefore ordered, adjudged and decreed, that the judgment appealed from be annulled, avoided and reversed, the verdict be set aside, and the case be remanded to the lower court to be there proceeded with according to law.